# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO SALAS,<br><br>  Petitioner,<br><br>  v.<br><br>M.D. BITER,<br><br>  Respondent. | Case No. 1:15-cv-00831-NONE-EPG-HC<br><br>ORDER GRANTING PETITIONER'S REQUEST TO SEAL DOCUMENTS<br><br>(ECF No. 57) |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 24, 2021, Petitioner filed a motion to amend the petition. (ECF Nos. 56). Petitioner also filed a request to seal an electronic version of the probation officer reports for Petitioner Salas and his codefendant Casica, taken from the state court record on appeal. (ECF No. 57). Respondent has not opposed the request to seal, and the time for doing so has passed. See Local Rule 141(c).

Federal Rules of Civil Procedure 5.2(d) provides that the Court may order that a filing be made under seal without redaction. In turn, Local Rule 141 provides, "Documents may be sealed only by written order of the Court, upon the showing required by applicable law." As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) and citing San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999)).

"Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure. See Kamakana, 447 F.3d at 1178–79.

Here, Petitioner seeks to file under seal the probation officer reports for Petitioner Salas and his codefendant Casica. These reports are confidential under California law, Cal. Penal Code § 1203.05, and contain personal information that should not be subject to public view. See Seattle Times Co. v. U.S. District Court, 845 F.2d 1513, 1522 (9th Cir. 1988) ("The right of access is not absolute. For example, the reports of probation officers considered by the courts in setting bail and determining sentences are not made public . . . ."). Thus, the Court finds that, for the reasons stated in Petitioner's request, sealing the probation officer reports for Petitioner Salas and his codefendant Casica serves a compelling interest.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's request to seal documents is GRANTED; and
2. Petitioner's counsel is authorized to file the following items Under Seal in a manner provided by Local Rule 141(e)(2)(i):
   a. An electronic version of the probation officer reports for Petitioner Salas (6 CT 1655-1669) and his codefendant Casica (6 CT 1638-1654), taken from the state court record on appeal.

IT IS SO ORDERED.

Dated: **June 2, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE